**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **DANIEL T. WILLIAMS (#597925)** | **DOCKET NO. 3:16-cv-1559** |
| | **SECTION P** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **JERRY GOODWIN** | **MAGISTRATE JUDGE HAYES** |

<u>**REPORT AND RECOMMENDATION**</u>

Pro se petitioner Daniel T. Williams (DOC #597925) filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on November 4, 2016.  He is currently incarcerated at the David Wade Correctional Center, Homer, Louisiana.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

*Procedural History*

On or about March 7, 2012, Petitioner entered a plea of guilty, and was convicted of attempted armed robbery in the Second Judicial District Court, Jackson Parish. [Rec. Doc. 1, p. 1]. He was sentenced to 22 years of imprisonment. *Id*.  He alleges that his sentence was excessive and disproportionate to the seriousness of the offense and his involvement in same, that he was misled by his attorney into entering into a plea agreement and that his plea was based on false inducements of leniency by the prosecution.

A Motion to Reconsider Sentence was filed on February 11, 2014, Docket No. 44,092. *Id.* at p.4.  In denying this motion, the trial court judge advised petitioner that he could appeal and apply for post-conviction relief. [Rec. Doc. 1, p. 5, ¶7] However, citing ignorance of the law and

procedures, and lack of assistance, he did not seek review in the higher courts.

### Law and Analysis

#### 1. Limitations

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. This limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitations period.  See 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)). Federal courts may raise the one-year time limitation *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, Petitioner's conviction became final on April 6, 2012, upon the expiration of the 30 day period for filing a motion for appeal provided by La. Code Crim. Proc. art. 914(B). Under 28 U.S.C. § 2244(d)(1) petitioner had one year, or until April 6, 2013, within which to file his federal habeas petition.  It is

clear that more than one year elapsed untolled between the date of finality of judgment and the date petitioner filed the instant petition.

### 2. Equitable Tolling

The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); *see also Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991).

In short, the circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

## Conclusion and Recommendation

For the foregoing reasons, IT IS RECOMMENDED that the § 2254 petition be DENIED and DISMISSED with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d).

## Objections

**Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth

arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2).  A

courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

     In chambers in Monroe, Louisiana, January 3, 2017.

 

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**

5