UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

DANIEL T. WILLIAMS (#597925)          DOCKET NO. 3:16-cv-1559

                                      SECTION P

VERSUS                                JUDGE ROBERT G. JAMES

JERRY GOODWIN                         MAGISTRATE JUDGE HAYES

RULING

Pending before the Court is a Petition for Writ of *Habeas Corpus* filed by Petitioner Daniel T. Williams ("Williams") pursuant to 28 U.S.C. § 2254.  Williams challenges his March 7, 2012 conviction and sentencing.

On January 3, 2017, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 2] in which she recommended that the Court dismiss Williams' Petition as untimely.  As part of her analysis, Magistrate Judge Hayes found that Williams was not entitled to equitable tolling of the time for filing his petition based on his ignorance of the law, lack of familiarity with the legal process, and lack of representation.

Having reviewed the record in this matter, including Williams' objections [Doc. No. 3], the Court agrees with and ADOPTS Magistrate Judge Hayes' Report and Recommendation.  The Court issues this Ruling to address additional contentions Williams raised in his objections.

Williams argues that he is entitled to equitable tolling or statutory tolling because he did not know about the process for filing a federal habeas petition, including the one-year statute of limitations period under the Antiterrorism and Effective Death Penalty Act ("AEDPA").  *See* 28 U.S.C. § 2244(d)(1).  Williams alleges that his access to telephone, law library, inmate assistance,

and outside communication was "severely limited" because of his "'violent offender'" status, and there was a "lack of relevant legal materials in the prison library." [Doc. No. 3, ¶¶ 9-10]. While he admits that his sentencing judge told him about filing for post-conviction relief, he says that the judge did not tell him about "Federal habeas corpus relief." *Cf.* [Doc. No. 1]; [Doc. No. 3, ¶ 9].

First, to the extent that Williams argues that he is entitled to equitable tolling, he must "demonstrate that the alleged shortcomings in the library [or lack of access] . . . hindered his efforts to pursue a claim." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir.2011). "[A]n inadequate law library does not constitute a 'rare and exceptional' circumstance warranting equitable tolling." *Scott v. Johnson*, 227 F.3d 260, 263 n.3 (5th Cir.2000) (citing *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000)). It is undisputed that Williams filed a motion with the state court and, later, the petition with this Court, so he has not demonstrated how he was "severely restricted," nor has he shown how the restriction prevented him from filing anything.[1]

Second, Williams cited *Egerton v. Cockrell*, 334 F.3d 433, 437 (5th Cir. 2003), to support his contention that the time for filing his petition was tolled based on his lack of knowledge of the federal habeas process and the AEDPA. In the *Egerton* case, the Fifth Circuit found, under fact-specific circumstances,[2] that the State's failure to make the AEDPA available to a prisoner could constitute an "impediment" for purposes of invoking statutory tolling under 28 U.S.C. § 2244(d)(1)(B).

However, in decisions since *Egerton*, the Fifth Circuit and federal district courts in this

---

[1]The restrictions LDOC may place on "violent offenders" have not prevented countless petitioners from filing petitions in this Court.

[2]The AEDPA was enacted in April 1996, two months after Egerton was convicted, and he had one year from the date of its enactment to file a § 2254 Petition. 334 F.3d at 434-35.

2

Circuit have limited its application.  "*Egerton* holds that the *complete absence* of the AEDPA (more precisely, the information regarding the one-year limitations period) within a prison facility, may be considered a state impediment to the petitioner's timely filing, triggering statutory or equitable tolling of the one-year federal limitations period."  *Neal v. Bradley*, 2006 WL 2796404, at *3, No. 2:05CV67-M-B (N.D. Miss. 2006).   If, in fact, there is absolutely no "information relative to AEDPA's limitations period," the state has created an "impediment to his filing a timely § 2254 petition," but the resulting statutory tolling lasts only until the impediment is removed, and then the one-year limitations period begins to run.  *See Howard v. Epps*, 250 Fed. App'x 73, 74-75 (5th Cir. 2007).

In this case, the Court finds that Williams has failed to show that he acted with due diligence and was actually prevented from filing in this Court by a state-created impediment.  First, the Court reiterates that Williams' ignorance of the law is of no moment *if* he had the opportunity to obtain information about the AEDPA.  Unlike Egerton who was convicted shortly before the enactment of the AEDPA, Williams was convicted and sentenced **16 years** after the enactment of the AEDPA. Prior to his guilty plea and sentencing, Williams was represented by counsel and had the opportunity to discuss his post-conviction options.  He admits that the sentencing judge informed him of the time for filing an appeal of his conviction and sentence and the time for filing for post-conviction relief. [Doc. No. 1-2].  However, he filed nothing in any court until February 10, 2014, almost two years later.  When his Motion for Reconsideration was denied, Williams took no action to file an appeal in state court or to file any motion or petition in this Court until he filed the instant Petition almost two years later in November 2016.

Further, while Williams has made the general allegation that he did not know about the

3

AEDPA and/or federal habeas relief, he has not alleged facts indicating his diligent attempts to learn

of his rights, or even when he first became aware of those rights. *See Johnson v. Waller*, 152 Fed.

App'x 403 (5th Cir. 2005) (*Egerton* placed "emphasis . . . on a petitioner's diligence.").  Williams

has offered no information on where he was incarcerated prior to his placement at David Wade

Correctional Center ("DWCC"), his attempts to learn about his rights (including the AEDPA) at

these prior facilities, and when he was transferred to DWCC (where information about the federal

habeas process was obviously available).  Under these circumstances, even if there may have been

a state-created impediment at some point, the Court finds that Williams has failed to show that a

state-created impediment prevented him from learning about the AEDPA and thus tolled the statute

of limitations to November 1, 2015, so that the filing of his Petition on November 1, 2016, would

be timely.[3]

Finally, even if the facts are sufficient to raise a question as to the timeliness of the Petition,

Williams admits that he failed to exhaust his state court remedies.  *Baldwin v. Reese*, 541 U.S. 27,

29 (2004) ("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available

state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and

correct alleged violations of its prisoners' federal rights.") (quotation marks omitted).  Williams does

not assert "actual innocence, [which,] if proved, serves as a gateway through which a petitioner may

pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations."

---

[3]Of course, the time for filing a federal habeas petition had run well before Williams filed
his Motion for Reconsideration in state court since he was aware of, but failed to file a direct
appeal of his allegedly excessive sentence.  However, even if the Court were to find that the time
for filing in this Court was statutorily tolled, Williams has failed to offer any facts to indicate
when the statute of limitations began to run or that the impediment remained in place until
November 1, 2015.

*McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013).  Nor has he established the existence of "cause" for his default and resulting "prejudice."  *See Bagwell v. Dretke*, 372 F.3d 748, 756-57 (5th Cir. 2004).  He argues only that he did not know about the AEDPA and that this Court should consider his argument that the state district judge imposed an excessive sentence.  This type of claim requires a showing by Williams that he exhausted his state court remedies, prior to timely filing a federal habeas petition.

Under these circumstances, whether Williams' bar is procedural or the statute of limitations, he is barred nonetheless from pursuing further action in this Court. Accordingly, Williams' Petition is DISMISSED WITH PREJUDICE.

**MONROE, LOUISIANA**, this 9th day of February, 2017.

_____
**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**

5